**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> ALI AOUN, <br><br> Defendant. | Case No.: 2:14-cv-11366-DPH-DRG |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**
**AGAINST DEFENDANT ALI AOUN**

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company, L.P. (collectively, "Sprint" or "Plaintiffs") brought the above-captioned lawsuit against Defendant Ali Aoun ("Defendant"), alleging that Defendant is engaged in an unlawful enterprise involving the unauthorized and deceptive bulk purchase and resale overseas of specially-manufactured wireless telephones designed for use on Sprint's wireless service, including the Sprint iPhone (collectively, "Sprint Phones" or "Sprint Handsets" or "Phones" or "Handsets"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and the willful infringement of Sprint's trademarks (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme").

Sprint alleges that Defendant perpetrated the Bulk Handset Trafficking Scheme by acquiring large quantities of Sprint Phones from Sprint and/or Sprint authorized retailers and dealers, and by soliciting others to purchase Sprint Phones in large quantities for the benefit of Defendant. Sprint further contends that Defendant acquired the Sprint Phones with the knowledge

36453316.1

and intent that the Phones will not be used on the Sprint wireless network (as required by the Sprint contracts). Instead, Sprint alleges that the Phones are trafficked and the vast majority are resold as new overseas where the Phones are not subsidized by wireless carriers (as they are in the United States) and where the Phones are not as readily available. In some cases, Sprint contends that Defendant acquired the Sprint Phones with the knowledge and intent that the Phones will be computer-hacked. The purpose of this hacking, known as "unlocking," is to disable software installed in the Phones by the manufacturers at the request and expense of Sprint, which enables the activation of the Sprint Phones exclusively on Sprint's wireless system. The purpose of the software is to allow Sprint to offer the Phones at a discount to the consumer while protecting Sprint's subsidy investment in the Phone. The alleged illegally unlocked Phones are trafficked and resold as new by Defendant, at a premium, under the Sprint trademarks.

Sprint Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones. These Terms and Conditions are set forth in printed inserts that are packaged with each Phone and are posted on Sprint's website. Pursuant to the Terms and Conditions of Sprint Phones, purchasers agree, among other things: (a) to pay the applicable service charges and other related fees; (b) to activate the Sprint Phones on the Sprint CDMA network; (c) not to resell the Sprint Phones and related products and services; and (d) not to use the Phones for a purpose that could damage or adversely affect Sprint.

Sprint has asserted claims against Defendant for common law unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud, fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark

36453316.1

infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, and conversion. Based on the respective positions advocated by the parties, and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby:

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Complaint.

2. The Court finds that Sprint has the right to use and enforce rights in the standard character Sprint® mark and stylized Sprint® Virgin Mobile, payLo, Assurance Wireless and Boost Mobile trademarks (collectively, the "Sprint Marks"), as depicted below:

 



  

Sprint uses the Sprint Marks on and in connection with its telecommunications products and services. The Sprint Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Sprint.

3. The Court finds that the Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable between Sprint and each of its customers. The Court finds the Terms and Conditions set forth certain rights and restrictions on

the use of Sprint Phones. Among other things, the Terms and Conditions: (a) require that the customer pay applicable service charges and other related fees; (b) indicate that the Phone is designed to be activated on the Sprint CDMA network; (c) prohibit resale of Sprint Phones and related products and services; and (d) prohibit using the Phones for a purpose that could damage or adversely affect Sprint, for which Sprint is entitled to relief.

4. The Court finds that the conduct set forth in the Complaint constitutes violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that the conduct also constitutes common law unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud, fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*., contributory trademark infringement, and conversion.

5. Sprint has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendant's conduct. On review and consideration of all relevant factors, Sprint is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

6. Final judgment is hereby entered against Defendant Ali Aoun, and in favor of the Plaintiffs, on all of the claims set forth in Plaintiffs' Complaint in the principal amount of Five Million Dollars and Zero Cents ($5,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

7. Defendant and all of his past and present agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on his behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendant or Defendant's

representatives, agents, assigns, employees, independent contractors, associates, servants, and any and all persons and entities in active concert and participation with Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a. purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Sprint Phones or "Activation Materials," which consist of SIM cards, activation codes, and/or other mechanism, process or materials used to activate service or acquire airtime in connection with a new activation;

    b. purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Sprint mobile device or SIM card that Defendant knows or should know bears any Sprint Marks or any marks likely to cause confusion with the Sprint Marks, or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, including but not limited to Sprint, Boost Mobile, payLo, Assurance Wireless, and Virgin Mobile.  Specifically, Defendant is enjoined from purchasing, selling, and/or shipping, directly or indirectly, all models of Sprint Handsets and SIM cards currently offered for sale by Sprint or that may be offered for sale in the future, as listed and updated from time to time on the following websites: http://www.sprint.com, http://www.boostmobile.com, http://www.paylo.com http://www.virginmobileusa.com, and http://www.assurancewireless.com, regardless of whether such devices are new or used, whether in or out of their original packaging, or whether "locked," "unlocked," or otherwise modified in any way by any person;

    c. supplying Sprint Phones or Activation Materials to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged

5

in the purchase or sale of Sprint Phones or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint Phones;

       d.      supplying Sprint Phones or Activation Materials to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of Sprint Phones;

       e.      engaging in any of the conduct described in the Complaint as the "Bulk Handset Trafficking Scheme;" and

       f.      knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization.

8.      The purchase, sale or shipment of any Sprint Phones without Sprint's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

9.      The last known address of Defendant is 5413 Orchard Avenue, Dearborn, Michigan 48326.

10.      Defendant waives any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waives his right of appeal from the entry of this Final Judgment.

11.      The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiffs in an amount of $5,000 for each Sprint Phone that Defendant is found to have purchased, sold or unlocked in violation of this Injunction.

The Court finds that these amounts are compensatory and will serve to compensate Sprint for its losses in the event Defendant violates the terms of this Order.

12.     The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendant as set forth herein.

DONE AND ORDERED this **24th** day of   **November**  , 2014.

s/Denise Page Hood
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
All Counsel of Record

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing **Final Judgment and Permanent Injunction Against Defendant Ali Aoun** was served on the attorneys and parties of record herein by electronic means or U.S. Mail on November 24, 2014.

s/Kim Grimes
Acting in the Absence of
LaShawn Saulsberry, Case Manager

36453316.1